My name is Nicholas Phillips, and I'm an immigration attorney at Prisoners' Legal Services of New York. I represent the petitioner Juan Carlos Santana-Felix. Your Honors, this case presents the question of whether my client's conviction for conspiracy in the second degree under New York Penal Law 105.15 is an aggravated felony conspiracy offense. Under the Immigration and Nationality Act, to be an aggravated felony conspiracy offense, there must be two elements. There must be a conspiracy to commit an underlying offense, and the underlying offense itself must be an aggravated felony. The ---- Sotomayor What is your ---- Phillips I'm sorry. Go ahead. Sotomayor You concede the first part? I mean, there was enough ---- Phillips Yes. I concede that New York's definition of conspiracy matches the Federal definition. Sotomayor But what's the problem with the underlying offense? Why isn't that also an aggravated felony? Phillips Well, Your Honor, I think in this case we apply the categorical approach. So we are looking at what are the elements of the penal law. And New York Penal Law 105.15 provides that a defendant is guilty when they conspire to commit a Class A felony. New York has many Class A felonies, of which some are aggravated felonies and some are not. So the critical question is, is that Class A felony offense an element about which the jury must agree, or is it a means of committing the offense? I was ----  Phillips Well, Your Honor, I would submit applying the categorical approach, looking to the Supreme Court's decision in Mathis and this Court's decision in Harbin, we look to authoritative places of State law to determine what the jury has to decide. The statute itself provides only that the defendant must conspire to commit a Class A felony. There is no enumerated list of felonies. There is no separated list. It simply says Class A felony. The sentencing scheme of New York Penal Law provides one penalty for any conviction under New York Penal Law 105.15. So no matter what the underlying offense is, there is the same penalty. Scalia Is it ---- is 105 a divisible offense or not a divisible offense? Phillips It is indivisible, Your Honor. We would submit it's indivisible. Scalia But yet a conspiracy, it could be all sorts of felonies, not just murder. It could be anything, right? Phillips Exactly, Your Honor. So that, it seems to me, it draws its divisibility in a vertical way, not a horizontal way. Normally we look at it in sort of a horizontal way. This is a vertical way. It's the conspiracy and then the underlying offense. And if the underlying offense is an aggravated felony, at least as if it's an element of the conspiracy, and I believe that it is, you may differ from that, differ from my view on that, then that would be, it's divisible in the sense of looking at the underlying offense to see what that is. And once you determine what the underlying offense is, then you can go back to the categorical approach. But, and he pled guilty, right, to, there was an indictment, I guess, and a judgment that was referred to, to prove the underlying offense. Phillips Yes, Your Honor. And so why, where is the problem with that, with that underlying offense? Phillips Yes, Your Honor. So the problem, I think, is that under the categorical approach, the question is what does the jury have to necessarily agree to? Phillips Right. Phillips And so under New York penal law, I would submit the jury does not necessarily have to agree to a particular Class A felony. They have to agree that the defendant … Sotomayor That's true, but the indictment charged specifically murder in the second degree, right? Phillips That is correct, Your Honor, in this case. Sotomayor And murder, isn't murder in the second degree an aggravated felony? Phillips Well, we did raise in our opening brief a challenge to the classification of murder. My opposing counsel, I think, points out that we didn't raise that argument with sufficient specificity, and I think I agree with that. Sotomayor Isn't murder in the second degree under New York law an aggravated felony for purposes of the INA? Phillips I think we have waived that argument, Your Honor. I think yes, for the purposes of this appeal. If the evidence establishes that it was a – that the statute is divisible. Roberts The answer is yes to that. But under the categorical approach, we can look at the underlying offense if, indeed, the underlying offense has to be charged as an element. Do you agree with that? Phillips I do, Your Honor, if it is an element of the conviction of the statute. Scalia Why isn't it? I mean, the object of the conspiracy is important. You don't just charge a person with conspiracy, period, and then come in and prove something that isn't in the indictment, like second-degree murder, if it isn't in the indictment. Phillips Yes, Your Honor. And I think we – I mean, State law, I think – State court decisions, I think, are a very valuable source here. I will note that in my opposing counsel's brief, she concedes and I agree that no  So we don't have a case, a State decision that says the jury has to agree. If we look at the decision in Rufino, which is the decision that the Board relied on to find that this was a divisible statute, in Rufino, the defendant in that case was convicted of one count of conspiracy based on two underlying different Class A felonies. There was a sale and a possession. I would submit that the jury – all the jury had to agree was that there was a conspiracy to commit one or the other of those Class A felonies. We don't have that here, though. We have a murder. In this case, we do, Your Honor. But we are looking categorically at the statute itself. We're not – if we proceed to the modified categorical – But you're looking at the statute in that – in the hypothetical you just gave us, or the case that you just gave us, you're looking at the conspiracy and the objects. And there were two objects in that conspiracy. Here there's one. Yes, Your Honor. But I would submit that Rufino states that the jury didn't have to necessarily agree on which – just that it was a Class A felony, that that was the criminal conspiracy, that – and that accords – You're saying the jury did not have to agree that this was a conspiracy to commit murder in the second degree? Well, in this case, Your Honor, this was a pleaded case, so there was no – there was no jury. Well, the indictment alleged conspiracy to commit murder in the second degree, right? Yes, Your Honor. For a jury to have convicted someone on that indictment, the jury would have had to find murder in the second degree. That is true, Your Honor. And that is because the indictment – There's no other possibility of an underlying offense on this indictment. That is true, Your Honor. But I think that this Court's decision in Harbin, I would submit, is identical to this case. In Harbin, the indictment would say the controlled substance of cocaine. Cocaine is a – is categorically part of the Federal Controlled Substance Act. Just the fact that it's specified in the indictment does not mean that it's an element about which the jury must necessarily agree. That is, the prosecutor's theory in that particular case was that the substance at issue was cocaine, for example. In this case, the prosecutor's theory was the conspiracy at issue was murder. That does not mean that categorically the jury had to have agreed on that particular class A felony. So if half of them thought that he didn't commit the murder, but he was involved in mail fraud, that they could convict him? Not in this particular case, Your Honor. Not in the facts of this case. But that the prosecutor could charge a conspiracy involving multiple class A felonies. The jury could decide that some of these class A felonies were conspired to and some were not. It does not – That would be a problem, I agree. But we don't have that here. We have an indictment that charges one class A felony murder in the second degree. Yes, Your Honor. My argument is that we should not be looking at the indictment. We do not proceed to the modified categorical approach because we are – the statute is indivisible as to the underlying object of the felony offense, Your Honor. And I see that I'm almost out of time. Thank you very much. Thank you. We'll hear from the government. Good morning, Your Honors. Rebecca Nahas for the United States Attorney General. The court need not apply divisibility analysis to the conspiracy statute in this case because conspiracy is an inchoate crime and is therefore unique in its complexity. Unlike other crimes, inchoate conduct is only criminal by virtue of the underlying object offense. And as such, the underlying object offense – If the government just charged conspiracy without any underlying offense, that would be a defective indictment. Exactly, Your Honor. And the Fourth Circuit, the Ninth Circuit, and this circuit has applied a similar approach where the – What if the indictment charged a class A felony without specifying what the class A felony was? I don't think that that would be a sufficient indictment in New York or any other state for that matter. Does New York law require – say anything about the underlying offense being part of the crime itself? Yes, Your Honor. If the court decides to apply divisibility analysis, the state law in New York supports the finding that the object offense is an element that the state must prove beyond a reasonable doubt. We have People v. Luciano and People v. Joyce in which the state clearly stated that the government was required to prove beyond a reasonable doubt that the defendant had the specific intent to commit each of the underlying elements of the object offense. Well, here there's no doubt about intent, right, because of the conspiracy charge. You can't sort of happen your way into a conspiracy or be negligent about that. You have to have the intent to conspire. So that's in the conspiracy charges built in. Correct. And because of that intent and because it aligns to the underlying object offense, you have to show the defendant intended to commit each of the elements of the underlying object offense. That necessarily means the object offense is the element the state has to prove. So the state has to set forth, here's the object offense, this is our theory, here's the elements underlying that object offense. And the jury has to agree that the defendant had the intent to commit each of those underlying elements. Can we talk about Harbin? Mr. Phillips seems to be putting a lot of stock in that. And so how do you distinguish Harbin from this case? Harbin is distinguishable because in this case the case law supports the finding. In Harbin the case law said that the drug type was a means and not an element. The case law pretty much was clear on that. He's saying that the type A felony, whatever it is, fraud or murder, is a means not an element. But he hasn't cited to any case in New York that says that. And to the contrary, the government has cited multiple authorities for why the state has to prove beyond a reasonable doubt the object offense. So Harbin is distinguishable on that point. And I want to go back to Judge Chin's point about the actual record of conviction in this case. The Supreme Court in Mathis said if the state law doesn't provide a clear answer about whether it's a means or an element, then the record of conviction in the actual case before you is sometimes better evidence of whether the underlying or the list is either an element or a means. And in this case, as Judge Chin pointed out, the record of conviction shows that the state was required to specify the underlying object offense. It was second-degree murder in this case. And that shows that that's the approach that New York applies. The state understands that it needs to set forth one theory. So Harbin involved a controlled substance offense, right? Correct. And so if the indictment just said controlled substance and didn't specify which, the jury could have convicted if half of them thought it was cocaine and half of them thought it was heroin? That is what the court in Harbin found. And the reason was it looked at the Mathis factors. And one of the factors is case law. And the case law suggested or established that the drug type was just a means and the jury could, you know, the jury didn't have to agree that it was cocaine versus heroin. It could just agree that it's a controlled substance. And if the indictment said, to wit, cocaine, then the jury could still find, still convict even though half of them thought it was heroin and not cocaine? No, I think in that instance, the jury would have to agree that it's cocaine. Because of the to wit clause. Right. But I think Harbin is distinguishable because we don't have a case in New York that says that the object defense is a means. And, in fact, it wouldn't make any sense because inchoate crimes are unique in that they don't exist independently of the object defense. That's actually your first point. That's my first point, that we don't need to do a divisibility analysis. The Fourth Circuit has applied this approach. The Ninth Circuit in an immigration case applied this approach. They were looking at whether attempted sexual assault was attempted sexual abuse of a minor under the INA. And they said there's only two inquiries at issue, whether the predicate attempt statute meets the definition of attempt under the INA and whether the predicate state sexual indecent statute satisfied the definition of sexual abuse of a minor. It didn't conduct a divisibility analysis as to the attempt statute to determine whether it could then look under the modified categorical approach to see what the underlying offense of attempt was. We haven't dealt with this aggravated offense question in the context of Section 16A, have we? We haven't written anything about that as far as you know. With regard to second-degree murder, Your Honor? Right. No, not that I'm aware of. Or conspiracy to commit second-degree murder. Correct. Not that I'm aware of. But I know that other circuits, the Tenth Circuit and Gomez, I believe it's Gomez, Castro-Gomez, was an attempted murder conviction, and they were looking under the sentencing guidelines to determine whether ‑‑ I'm sorry, that's actually with respect to generic murder, not crime of violence, Your Honor. In addition to this, if you were urging us to write this opinion, if we were to find for you in a certain way, you would want us to find that this is not divisible and that just the conspiracy plus the object is sufficient and that that's the analysis that should occur. That's right, Your Honor. I think that the approach would be that divisibility analysis doesn't apply to the conspiracy statute. We just apply the categorical approach to conspiracy, which Petitioner concedes meets the definition of conspiracy under the INA, and then you apply the categorical approach to the underlying object offense, which is second-degree murder, which Petitioner also concedes is generic murder. The whole means element question. Right. Our position in that is the approach of the Fourth Circuit as well as the Ninth Circuit, and it was a criminal case also applied that approach, and it's a 2018 case. It's post‑Mathis. So, there's precedent in this circuit as well for applying that approach. I just wanted to highlight one other argument about the idea that this isn't a conspiracy. This isn't a completed second-degree murder case. This is a conspiracy to commit second-degree murder case, and because conspiracy requires a specific intent, the Petitioner in this case was necessarily convicted of conspiracy to commit intentional murder, which clearly squarely falls within the definition of generic murder. And to the extent that Petitioner is challenging the reliability of the documents, the judgment, along with the indictment, has been recognized under the Supreme Court precedent in Shepard as reliable record of conviction documents that the agency can rely on to determine what the underlying offense is. And Petitioner hasn't cited any unreliability in those documents. They all align. The counts align. The docket number aligns. And, in fact, the record also contains the felony complaint, which also aligns with indictment. And so there's just no discrepancy as to what Petitioner was convicted of in this case. So, unless Your Honors have any questions. Thank you. Thank you. Thank you, Your Honors. Just two quick points. First of all, I think I would urge this Court not to apply the approach of looking through the conspiracy statute. First of all, I don't quite understand how that process would work. What are we looking through to? I think it's unclear how that process would work in practical reality. I think we have to apply the categorical approach. We are dealing with statutory text. We are dealing with whether a statute of conviction is an aggravated felony offense. I think that we must apply the categorical approach and must apply the divisibility analysis. My opposing counsel cited to Pereira Gomez as a proof of a case in which this statute does not specify that approach. I would submit that that case does not stand for that proposition. That case dealt with attempted robbery. The statute at issue specifies robbery. Here the statute at issue specifies a Class A felony. So I would submit that the categorical approach must be applied and that the statute is not divisible. Very quickly, Your Honors, just as to the challenge that we brought to the evidence that was submitted in this case, our alternative argument is that if the Court proceeds to the modified categorical approach, the evidence is not sufficient to satisfy the Department of Homeland Security's burden of proof by clear and convincing evidence. We did raise several challenges before the agency as to the sufficiency of the proof that was offered. The indictment was not signed by a district attorney, a requirement under New York criminal procedure law. There is the sentencing commitment, which is the most authoritative document, was a statutory instrument. The DHS trial law conceded they did not have the attached. Sotomayor, certified copy of the indictment, right, with a typed-in signature? Certified by the court clerk? Yes, Your Honor. Why wouldn't that be sufficient? Well, the most, the best evidence in this case, Your Honor, would have been the plea colloquy. It would have seen what my client pleaded to. Best, I mean, certainly in a trial in this courthouse, that copy, the certified copy from the court, would be sufficient, wouldn't it? Well, Your Honor, we would submit that there were enough discrepancies in the document to question whether this was the indictment upon which my client was charged or whether there was a superseding indictment. So we raised various evidentiary challenges before the court, which in our alternate argument, if the court proceeds to the modified categorical approach, we would submit the evidence is not sufficient. Thank you very much, Your Honors. Thank you.